# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY SILVA,

    Plaintiff,

v.

J. WORTH, et al.,

    Defendants.

Case No. 1:16-cv-01131-AWI-SKO (PC)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**

**(Doc. 1)**

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff, Anthony Silva, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. However, it appears that, though Plaintiff checked the boxes indicating that he exhausted available administrative remedies, his request for review at the third level was cancelled as untimely.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits

1

relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

Plaintiff checked the lines on the form complaint indicating that there is a grievance procedure at the institution of his confinement and that he presented the facts in his complaint through all levels of review. (Doc. 1, p. 2.) However, Plaintiff's notes under that section indicate that his appeal, PVSP-D-15-00082, was cancelled at the third level and that his challenge of that cancellation was denied. (*Id.*) Plaintiff also attached a copy of a letter from the third level of review which returned the appeal to Plaintiff since he did not sign and date it. (*Id.*, p. 13.) Ultimately PVSP-D-15-00082 was cancelled as untimely at the third level as Plaintiff also attached a copy of the third level decision which denied his challenge to its cancellation as untimely. (*Id.*, pp. 15-16.)[1]

"[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. The exhibits that Plaintiff attached to the Complaint show that his request for third level review on PVSP-D-15-00082 was untimely and that his challenge to that finding was denied. It thus appears Plaintiff filed suit prematurely without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . ."). This is error is fatal to this action.

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff is ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit; and

/ / /

/ /

---

[1] These are the only two decisions on PVSP-D-15-00082 that Plaintiff submitted.

2

(2) **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **June 5, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE