# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>        Plaintiff,<br><br>    v.<br><br>WORTH, et al.,<br><br>        Defendants. | 1:16-cv-01131-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1, 19)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Anthony Silva, is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2017, an order issued ("the OSC") for Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed because of his failure to exhaust available administrative remedies prior to filing suit as was apparent from the face of his Complaint. (Doc. 19.) More than a month has lapsed and Plaintiff has not responded to the order to show cause.

In the OSC, Plaintiff was warned that the failure to exhaust prior to filing suit is fatal to an action under § 1983. (Doc. 19.) As stated therein, the Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201

1

(9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). Exhaustion under § 1997(e) is an affirmative defense, *Jones*, at 216, most commonly raised by a defendant in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, *Albino v. Baca*, 747 F.3d 1162, 1169-70 (9th Cir. 2014).

However, "the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones*, at 202. Exhaustion is an issue of "judicial administration" that is "appropriately decided early in the proceeding." *Albino*, at 1170 (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Where, as here, a prisoner's failure to exhaust is clear from the face of the complaint, it is properly addressed at screening for failure to state a claim upon which relief could be granted. *Albino*, at 1168-69.

As noted in the OSC, although Plaintiff checked the boxes indicating he exhausted available administrative remedies, his request for review at the third level was cancelled as untimely. (Doc. 1, p. 2.) This was confirmed by an exhibit Plaintiff attached to the Complaint. (*Id.*, p. 13.) This action must be dismissed without prejudice because of Plaintiff's admitted failure to exhaust available administrative remedies prior to filing suit.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 21 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2017**　　　　　　　　　　　/s/ *Sheila K. Oberto*　　　　
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE