# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>WORTH, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01131-AWI-SKO (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS TO DISMISS AND REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT J. WORTH**<br><br>**(Docs. 1, 20)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

**A.    Background**

Plaintiff, Anthony Silva, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has stated cognizable claims under the Eighth Amendment against J. Worth for failure to protect, and may be able to correct the deficiencies in his pleading on other claims. Thus, he may either file a first amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on the Eighth Amendment claim found cognizable herein.[1]

---

[1] As discussed in detail below, (*see* Sect. A. 3), Findings and Recommendations that issued on July 12, 2017, (Doc. 20), to dismiss this action are withdrawn as Plaintiff's objections sufficed at the screening stage for exhaustion

1

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.     Summary of the Complaint**

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California -- where the acts he complains of occurred. Plaintiff names Correctional Officers J. Worth and N. Green, Jr. as the only defendants in this action and seeks monetary damages as well as injunctive relief.

//

---

purposes on Plaintiff's claim against Officer Worth.

Plaintiff alleges that on November 6, 2014, he was housed in the PVSP Facility "C" Building #1. At approximately 10:30 a.m., Plaintiff was released from his building to the Facility "C" medical department for an appointment. Shortly into his walk, Plaintiff heard a loud shout from the education department of that facility indicating that an inmate riot has just occurred in the classroom. All inmates on the yard, including Plaintiff, began to prone-out on the ground. Plaintiff looked toward the education department and saw Officer Worth standing in the education department doorway, appearing to secure her assigned post. Without securing her post, or making any indication to alert responding staff, Officer Worth allowed two inmates who had been involved in the riot to freely enter the exercise yard; a full scale riot then ensued on the exercise yard.

Although Plaintiff remained proned-out, inmates near him engaged in the riot. Plaintiff was hit by two shots from the 40 mm direct impact launcher by an unknown officer (who Plaintiff is not pursuing as a defendant in this action). Shortly after the riot was controlled, medical evaluation confirmed that Plaintiff's only marks/injuries were from having been struck twice by the Direct Impact Launcher. Despite Plaintiff's medical evaluation results, Officer Green wrongly identified Plaintiff as a participant in the riot and issued a false Rules Violation Report ("RVR") against Plaintiff. Plaintiff was found guilty under the false RVR which resulted in Plaintiff being incorrectly associated with the Fresno Bulldog gang. Plaintiff alleges that his safety is in jeopardy from this incorrect association as he has never been a Fresno Bulldog or a member of any other prison gang.

Plaintiff's allegations state a cognizable claim under the Eighth Amendment against Officer Worth on which he should be allowed to proceed. However, as discussed below, his allegations are insufficient to state a cognizable claim against Officer Green. Thus, Plaintiff may choose to proceed only on his Eighth Amendment claim against Officer Worth, or he may attempt to cure the defects in his claim against Officer Green by filing a first amended complaint.

**D.    Pleading Requirements**

      **1.    Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a second amended complaint, Plaintiff should make it as concise as possible in **no more than twenty-five (25) pages**. He should state which of his constitutional rights he believes were violated by each Defendant and the facts that support each contention. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint.

4

If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

### 2. Exhibits

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question—e.g., on a motion for summary judgment, at trial, or when requested by the Court. If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. If the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

The submission of evidence at this juncture is premature as Plaintiff is only required to state a prima facie claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. If Plaintiff chooses to file a first amended complaint, he should simply state facts to support the allegations that a Defendant has violated his constitutional rights and refrain from submitting exhibits.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

5

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly identify which Defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## DISCUSSION

### A. Plaintiff's Claims

#### 1. Eighth Amendment

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn

6

that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

The Supreme Court has stated that a remedy for unsafe conditions need not await a tragic event; rather, where a risk/injury has yet to occur, it is plaintiff's burden to prove that his future health/safety is unreasonably endangered, "that it is contrary to current standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight." *Helling*, 509 U.S. at 33-35.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.

Plaintiff's allegations that Officer Worth allowed two inmates from the education department, where a riot was occurring, to proceed past her onto the yard where inmates were proned-out, amounts a deliberate indifference to a substantial risk of serious harm to the inmates who were proned-out. Plaintiff thus states a cognizable Eighth Amendment claim against Officer Worth

### 2. False RVR

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Prison officials may "limit a prisoner's right to defend himself [,but] they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003); *Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

Further, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon bd. Of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v.

*Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56 (emphasis added)). However, while the due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence. *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) *cf. Wolff v. McDonnell*, 418 U.S. 539, 570-571 (1974).

Plaintiff has not stated any facts to address the requirements set forth in *Wolff*. Plaintiff's allegation that Officer Green falsely charged him with an RVR when he was not involved in the riot, is insufficient to support a claim of denial of procedural due process.

### 3. Exhaustion

On July 12, 2017, this Court issued Findings and Recommendations for this action to be dismissed as it did not appear that Plaintiff exhausted available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1983. (Doc. 20.) Plaintiff filed objections which are accepted to suffice at the screening stage[2] as to Plaintiff's claim against Officer Worth. (Doc. 23.) However, none of the documents Plaintiff has submitted--either as exhibits to his original Complaint or in his objection to the Findings and Recommendations--remotely infer that Officer Green filed a false RVR against Plaintiff. (*See* Doc. 1, pp. 12-16; Doc. 23, pp. 8-20.) Thus, it appears that Plaintiff did not exhaust available administrative remedies on this claim to be allowed to proceed against Officer Green at this time. As noted, Plaintiff may choose to proceed only on his Eighth Amendment claim against Officer Worth. However, if Plaintiff decides to file a first amended complaint which includes his allegations that Officer Green filed a false RVR against him, he should also provide information relating to his exhaustion efforts on that claim.

---

[2] Nothing in this order should be construed to prohibit defendants from raising exhaustion as an affirmative defense if/when Plaintiff states a cognizable claim upon which he is allowed to proceed.

**4.** *Heck/Edwards* **Bar**

The United States Supreme Court has determined that an inmate may not bring an action under § 1983 if its success would release the claimant from confinement or shorten its duration, *Preiser v. Ridrugyez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

Thus, if removal from Plaintiff's C-file of the false RVR that Officer Green allegedly filed against Plaintiff would result in resurrection of any good-time credits and accelerate his release date, Plaintiff must show that the supporting guilty finding has been invalidated before he may pursue claims under § 1983.

**CONCLUSION**

Plaintiff may either file a first amended complaint, or to proceed only on the Eighth Amendment claim found cognizable against Officer J. Worth, dismissing all other claims and Defendants. Plaintiff must either notify the Court of his decision to proceed on this cognizable claim, or file a first amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the alleged conditions have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Findings and Recommendation that issued on July 12, 2017, (Doc. 20) is WITHDRAWN;
2. Plaintiff's Complaint is dismissed, with leave to amend;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:

11

a. file a first amended complaint curing the deficiencies identified by the Court in this order, or

b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claim under the Eight Amendment against Officer J. Worth as identified by the Court as cognizable in this order, dismissing Officer N. Green and all other claims; and

5. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on the Eighth Amendment claim against Officer Worth found cognizable herein and all other claims and Defendants will be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **October 18, 2017**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE