# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. WORTH,<br><br>　　　　Defendant. | Case No. 1:16-cv-01131-LJO-SKO (PC)<br><br>**ORDER GRANTING PLAINTIF'S MOTION TO FILE AN AMENDED COMPLAINT**<br><br>**(Docs. 37)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Anthony Silva, is currently proceeding on claims stated in the original Complaint under 42 U.S.C. § 1983, against Defendant J. Worth, upon which Plaintiff chose to proceed. (*See* Doc. 28.) Plaintiff filed a motion for leave to file an amended complaint. (Doc. 37.) Defendant filed a statement of non-opposition subject to screening under 28 U.S.C. § 1915A. (Doc. 41.)

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), and leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's motion to amend must be viewed in light of the requirements of Rule 15. Under Rule 15(a), there are five factors to be considered in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura*

1

*County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight—prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiff has not previously amended the complaint, and this factor weighs in favor of allowing amendment. No basis is presented to find undue delay on Plaintiff's part. Defendant's statement of non-opposition implies that allowing Plaintiff to amend his pleading will not result in prejudice and that Plaintiff's request to amend is not made in bad faith. Although Plaintiff has not submitted his proposed amended complaint, once filed, it will be subject to screening under 28 U.S.C. § 1915(A) and all claims that are not cognizable will be subject to dismissal.

Plaintiff is reminded that he must demonstrate how the alleged conditions have resulted in a deprivation of his constitutional rights in an amended complaint. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior

or superceded pleading," Local Rule 220.

Plaintiff may file a first amended complaint. However, Plaintiff may not change the nature of this suit by adding new, unrelated claims therein. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion for leave to file an amended complaint, filed on May 18, 2018, (Doc. 37) is **GRANTED**;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file a first amended complaint;
4. The Discovery and Scheduling Order that issued on March 27, 2018, (Doc. 34), is hereby **WITHDRAWN**;[1] and
5. **If Plaintiff fails to comply with the above, the Court will recommend this action be dismissed based on Plaintiff's failure to prosecute and obey the court's order.**

IT IS SO ORDERED.

Dated: **September 5, 2018**　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] New deadlines will be set after any first amended complaint is screened and found to state cognizable claims.