# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>WORTH, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01131-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE FIRST AMENDED COMPLAINT SHOULD NOT BE STRICKEN FROM THE RECORD BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT**<br><br>**(Doc. 43)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### A. Background

Plaintiff, Anthony Silva, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In Plaintiff's original Complaint, he stated a cognizable claim under the Eighth Amendment for failure to protect against J. Worth on which he elected to proceed. (Docs. 24, 27, 28.) On May 15, 2018, Plaintiff filed a motion to file a first amended complaint, which was granted without opposition. (Docs. 37, 41, 42.) Plaintiff's First Amended Complaint ("FAC") (Doc. 43) is before the Court for screening. The only substantive difference between the allegations on which Plaintiff currently proceeds and the FAC is the addition of a negligence claim in Claim II against three new defendants. As discussed below, Plaintiff fails to show compliance with the California Government Claims Act so as to be allowed to pursue Claim II in this action. It therefore appears that the FAC should be stricken from the record.

1

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**C.     Summary of the First Amended Complaint**

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California, where the acts of which he complains occurred. Claim I, (Doc. 43, pp. 3-6), is nearly a verbatim duplicate of the allegations from Plaintiff's original Complaint (Doc. 1, pp. 3-7) regarding events which allowed a riot to occur on the yard where Plaintiff was located, and which were found to state a cognizable claim against Defendant Worth. However, Claim II is for negligence against L.C. Lomber, B. Elenes, and A. Cano whom Plaintiff seeks to add as defendants ("the New Defendants"). Claim II is a negligence claim against the New Defendants based on the use of a "40mm" and "Launcher-XM 1006, Exact Impact Sponge Rounds" to quell the riot. (*Id.*, pp. 4, 7.)

Plaintiff must, but does not show, compliance with the California Government Claims Act ("CGCA") so as to be allowed to proceed on Claim II since it is based on California law. If Plaintiff can show compliance, he may proceed on the FAC. If Plaintiff, however, is unable to show compliance, he should not be allowed to proceed on the FAC, and it should be stricken from the record—alternatively, Plaintiff my voluntarily dismiss the FAC. If Plaintiff is unable to establish compliance with the CGCA, this action will proceed against Defendant Worth on Plaintiff's Eighth Amendment claim found cognizable in the original Complaint (Doc. 1).

**D.     State Law Claims**

    **a.     California Government Claims Act**

Under the California Government Claims Act,[1] set forth in California Government Code

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using "Government Claims Act" rather than

2

sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff must establish compliance with the CGCA to be allowed to pursue Claim II in this action since it is a negligence claim under California law. Although Plaintiff may have done so, it is not

"California Tort Claims Act").

reflected in the First Amended Complaint.  Thus, Plaintiff is given opportunity to demonstrate compliance with the CGCA on Claim II.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  If Plaintiff has complied with the CGCA, jurisdiction over Claim II under California negligence law will only be exercised by this Court as long as Plaintiff has federal claims pending.

### E. Order

Accordingly, it is **HEREBY ORDERED** that, **within twenty-one (21) days** from the date of service of this order:

1. Plaintiff SHALL show cause why the First Amended Complaint should not be stricken from this action due to lack of compliance with the California Government Claims Act with regard to the events raised in Claim II;

2. If Plaintiff did not comply with the California Government Claims Act on the

4

events raised in Claim II, Plaintiff shall file a statement voluntarily dismissing the First Amended Complaint; and

3. **Plaintiff's failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **January 14, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE