# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>           Plaintiff,<br><br>    v.<br><br>WORTH, et al.,<br><br>           Defendants. | Case No. 1:16-cv-01131-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Docs. 43, 46, 51)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### A. Background

Plaintiff, Anthony Silva, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In Plaintiff's original Complaint, he stated a cognizable claim under the Eighth Amendment for failure to protect against J. Worth, on which he elected to proceed. (Docs. 24, 27, 28.) On May 15, 2018, Plaintiff filed an unopposed motion to file a first amended complaint, which was granted. (Docs. 37, 41, 42.) A screening of Plaintiff's First Amended Complaint ("FAC") (Doc. 43) revealed that the only substantive difference between the allegations on which Plaintiff currently proceeds and the FAC is the addition of a negligence claim, Claim II, against three new defendants. Plaintiff's allegations in the FAC, however, fail to show compliance with the California Government Claims Act ("CGCA").

On January 14, 2019, the Court ordered Plaintiff to show cause why the FAC should not be stricken and he be allowed to proceed on the claims previously found cognizable in the original Complaint. (Doc. 46, "OSC.") Plaintiff filed a response stating that it was a mistake for him to represent himself in this case, that he receives assistance from various jailhouse lawyers,

1

and that he did not know about the CGCA to comply with its requirements. (Doc. 51.) Plaintiff requested that an attorney be appointed to assist with holding the alleged offending officers accountable. (*Id.*) As discussed below, the FAC should be stricken from the record and Plaintiff should be permitted to proceed on the claims found cognizable in the original Complaint.

### B. Screening Requirement

As stated in the OSC, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### C. Summary of the First Amended Complaint

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California, where the acts of which he complains occurred. Claim I, (Doc. 43, pp. 3-6), is nearly a verbatim duplicate of the allegations set forth in Plaintiff's original Complaint (Doc. 1, pp. 3-7). Claim I pertains to the events that culminated in a riot on the yard where Plaintiff was located; this claim was previously found to state a cognizable claim against Defendant Worth. (Doc. 28.) Claim II is for negligence against L.C. Lomber, B. Elenes, and A. Cano—who Plaintiff seeks to add as defendants ("the New Defendants"). The negligence claim is based on the use of a "40mm" and "Launcher-XM 1006, Exact Impact Sponge Rounds" to control the riot. (*Id.*, pp. 4, 7.)

Plaintiff does not demonstrate compliance with the California Government Claims Act to be allowed to proceed on Claim II which is based on California law. Since Plaintiff is unable to establish compliance with the CGCA, he should not be allowed to proceed on the FAC and it should be stricken from the record. This would result in proceeding only against Defendant Worth on Plaintiff's Eighth Amendment claim that was found cognizable in the original Complaint (Doc. 1).

### D. State Law Claims

#### a. California Government Claims Act

Under the California Government Claims Act (CGCA),[1] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so has expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn. omitted).

Federal courts similarly require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using "Government Claims Act" rather than "California Tort Claims Act").

3

presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff must show he complied with the CGCA to be allowed to pursue Claim II in this action since it is a cause of action for negligence under California law. In response to the OSC, Plaintiff indicates that he was unaware of the CGCA or that compliance with the CGCA was required to proceed on Claim II, was not told by anyone about it and, as a result, did not know what actions to undertake to comply with the CGCA. As compliance with the CGCA is a jurisdictional requirement, Plaintiff's lack of knowledge is not a proper defense. *See Hunter v. Los Angeles County*, 262 Cal.App.2d 820, 822 (1968)

### E. Recommendations

Since the only new allegations in the FAC are contained in Claim II for negligence under California law and Plaintiff did not comply with the CGCA, the FAC should be stricken and this action should proceed on the claims found cognizable in Plaintiff's original Complaint. As compliance with the CGCA is a jurisdictional requirement, the deficiencies pertaining to Claim II in the FAC are not capable of being cured through amendment which makes leave to amend futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY RECOMMENDED that the First Amended Complaint be stricken from the docket and Plaintiff be permitted to proceed on the claims found cognizable in the original Complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

### F. Appointment of Counsel

Plaintiff requested appointment of counsel in his response to the OSC. (*See* Doc. 51.) However, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations which, if proven, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* For the foregoing reasons, Plaintiff's motion for the appointment of counsel in his response to the OSC, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 6, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE